Sitbon-Robson v Robson (2021 NY Slip Op 02349)





Sitbon-Robson v Robson


2021 NY Slip Op 02349


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 314195/14 Appeal No. 13604 Case No. 2019-04374 

[*1]Caroline Sitbon-Robson, Plaintiff-Appellant,
v
Jonathan Robson, Defendant-Respondent.


Advocate, LLP, New York (Jason Advocate of counsel), for appellant.
Jonathan Robson, respondent pro se.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered August 16, 2019, which denied plaintiff wife's motion to amend the post-trial decision to award her 100% of the stock held in a ComputerShare stock account and for an order directing defendant husband to provide online access to, and monthly statements for, that account and awarding her attorneys' fees on the motion, unanimously affirmed, without costs.
We agree with Supreme Court that the wife failed to assert a persuasive basis to amend the post-trial decision based on newly discovered evidence, fraud or misrepresentation (see generally CPLR 4404, 5015[a]). The wife admitted that she first became aware of the ComputerShare account in March 2016, before the husband's deposition and the close of discovery. The wife did not provide a reasonable excuse for her failure to secure sufficient discovery regarding that account. Her claim that she reasonably relied on the husband's misrepresentations at his deposition is unavailing as the deposition transcript does not show that the husband lied about the account. Rather, the husband explained what he thought the origin of a dividend check was and his explanation was couched in uncertainties. The wife's discovery of more dividend checks from the same ComputerShare account in 2018 does not constitute newly discovered evidence (CPLR 5015[a][2]). Further, the husband's deposition testimony and his failure to explicitly disclose the ComputerShare account do not rise to the level of fraud, misrepresentation, or misconduct (CPLR 5015[a][3]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021